ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HERMAN DELGADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 309-081 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner was an inmate at McRae Correctional Facility in McRae, Georgia, when he commenced the above-captioned case pursuant to 28 U.S.C. § 2241. Petitioner requested in his application for habeas corpus relief that, *inter alia*, 27 days of good conduct time be restored for alleged violation of his due process rights at a prison disciplinary hearing. (See doc. no. 1, pp. 22-27). Respondent answered Petitioner's application, arguing that his due process claim should be denied on the merits and that his remaining claims[1] should be denied because they were inappropriate in a § 2241 petition and had not been exhausted. (See doc. no. 8). Petitioner filed two replies to Respondent's responses to the petition, (see doc. nos. 10, 12), but Respondent has notified the Court that Petitioner has since been released from

---

[1] Specifically, Petitioner also alleged violations of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Free Exercise Clause, the Establishment Clause, the Eighth Amendment, and the Equal Protection Clause. (See doc. no. 1, pp. 11-27).

incarceration. (See doc. no. 14).² Because Petitioner has been released from the custody of the Bureau of Prisons, the instant petition is moot. A petitioner's release subsequent to filing a habeas action renders the petition moot because the petition no longer presents a case or controversy, as required under Article III, § 2, of the Constitution, unless there is a showing of "collateral consequences." See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring showing of collateral consequences of parole revocation to maintain suit for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). In cases challenging the actual underlying conviction, collateral consequences are presumed for the obvious reason that it is a "'fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'" Id. at 12 (quoting Sibron v. New York, 392 U.S. 40, 55 (1968)). The same cannot be said of actions which do not challenge the conviction, such as challenges directed at parole revocation or, as in the instant case, the execution of the sentence imposed. Id. Thus, to continue with a habeas action after release, a petitioner must show the existence of a collateral consequence that amounts to a continuing injury-in-fact. Id. at 14.

---

²While Petitioner's projected release date was February 12, 2010 (see doc. no. 5, Ex. 1), the Federal Bureau of Prisons website reveals that Petitioner was released four days later on February 16, 2010, see Fed. Bureau of Prisons, "Inmate Locator," http://www.bop.gov/iloc2/LocateInmate.jsp (search "Search By ID Number" for "23345-050"). Notably, this Court's Order of February 12, 2010, was returned as undeliverable because Plaintiff had been released from incarceration. (See docket entry dated Feb. 22, 2010).

As Petitioner presents no injury which exists subsequent to his release or which can be remedied in a § 2241 proceeding, the Court **REPORTS** and **RECOMMENDS** that this petition for habeas relief be **DISMISSED** as **MOOT**.

SO REPORTED and RECOMMENDED this 25th day of February, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE